IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

.

CASE NO. 15-14810 BB

CORY CLEVELAND and ANN CLEVELAND,

Appellants,

v.

KERZNER INTERNATIONAL RESORTS, INC.; KERZNER
INTERNATIONAL BAHAMAS LIMITED; KERZNER INTERNATIONAL
LIMITED; ISLAND HOTEL COMPANY LIMITED; PARADISE ISLAND
LIMITED; and BROOKFIELD ASSET MANAGEMENT, INC.,

Appellees.

Appeal from the United States District Court
Southern District of Florida, Miami Division
CASE NO. 14-23897-(GAYLES)

**INITIAL BRIEF OF APPELLANTS**

Gary D. Fox, Esq.
Michael Levine, Esq.
**Stewart Tilghman Fox**
**Bianchi & Cain, P.A.**
One Southeast Third Avenue, Suite 3000
Miami, Florida 33131

By: Gabriel A. Garay
Florida Bar No. 103303
Robert L. Parks, Esq.
Florida Bar No. 61436
**The Law Offices of**
**Robert L. Parks, P.L.**
Tel:   (305) 445-4430
Fax:   (305) 445-4431
gabe@rlplegal.com
bob@rlplegal.com

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel for Appellants, CORY CLEVELAND and ANN CLEVELAND, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, certify that the following is a complete list of all persons and entities known to Appellants to have an interest in the outcome of this action:

1. Akerman LLP

2. Brookfield Asset Management Inc., (stock symbol BAM) a publicly traded company

3. Cleveland, Ann (Plaintiff/Appellant)

4. Cleveland, Cory (Plaintiff/Appellant)

5. Fiore, Kristen M. (Akerman, LLP, Counsel for Defendants/Appellees);

6. Fox, Gary D. (Stewart Tilghman Fox Bianchi & Cain, P.A, Counsel for Plaintiffs/Appellants)

7. Garay, Gabriel A. (Law Offices of Robert L. Parks, P.L., Counsel for Plaintiffs/Appellants)

8. Gayles, Darrin P. Hon. (United States District Court Judge)

9. Island Hotel Company Limited

10. Kerzner International Bahamas Limited

11. Kerzner International Limited

12. Kerzner International Resorts, Inc.

13. Law Offices of Robert L. Parks, P.L.

14. Levine, Michael (Stewart Tilghman Fox Bianchi & Cain, P.A, Counsel for Plaintiffs/Appellants)

15. Malvin, Tamara S. (Akerman, LLP, Counsel for Defendants/Appellees)

16. Paradise Island Limited

17. Parks, Robert L. (Law Offices of Robert L. Parks, P.L. Counsel for the Plaintiffs/Appellants)

18. Stewart Tilghman Fox Bianchi & Cain, P.A,

By: /s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiffs/Appellants, Cory Cleveland and Ann Cleveland, submit that the District Court committed reversible error in dismissing Appellants' case pursuant to a forum selection clause. The Clevelands respectfully request oral argument for all issues raised in this appeal.

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT…………………………………….…..C1

STATEMENT REGARDING ORAL ARGUMENT……………………………i

TABLE OF CONTENTS…………………………………………………..ii

TABLE OF CITATIONS………………………………………….........iii

STATEMENT OF JURISDICTION…………………………………………1

ISSUE ON APPEAL…………………………………………………….1

STATEMENT OF THE CASE AND FACTS………..……………………………1

SUMMARY OF THE ARGUMENT………………..…………………………3

STANDARD OF REVIEW……………………………………….......……....3

ARGUMENT…………………………………………………......…..4

    I.  THE DISTRICT COURT ERRED IN FINDING THAT VIKING TRAVEL SERVICE WAS AN AGENT OF FUNJET VACATIONS OR MARK TRAVEL CORP. AND IMPUTING CONSTRUCTIVE NOTICE OF THE FORUM SELECTION CLAUSE TO THE CLEVELANDS……….4

    II. THE DISTRICT COURT ERRED IN FINDING THAT THE CLEVELANDS COULD REINSTATE SUIT WITHOUT UNDUE PREJUDICE OR INCONVENIENCE........................................................9

CONCLUSION…………………………………………………….......11

CERTIFICATE OF COMPLIANCE……………………….……………..13

CERTIFICATE OF SERVICE……………………………………..…….13

SERVICE LIST........................................................................14

# **TABLE OF CITATIONS**

## **Cases**

*Barilotti v. Island Hotel Co. Ltd*......................................................................8
    2014 WL 1803374 (S.D. Fla. May 6, 2014)

*Collins v. Marriott Int'l Inc., et. al*...............................................................10
    Case No. 09-22423 (JORDAN) (S.D. Fla. May 11, 2010), at *5

*Krenkel v. Kerzner Int'l Hotels, Ltd*.........................................................4,7
    579 F.3d 1279 (11th Cir. 2009)

*Liles v. Ginn-La W. End, Ltd*..................................................................7
    631 F.3d 1242 (11th Cir. 2011)

*Lurie v. Norwegian Cruise Lines, Ltd*.......................................................4
    305 F.Supp.2d 352, 360 n. 1 (S.D.N.Y.2004)

*Massa v. Kerzner Int'l, Ltd*....................................................................7
    Case No. 11-60232 (S.D. Fla. Dec. 20, 2011)

*McArthur v. Kerzner Int'l Ltd*..............................................................4,9
    607 Fed. Appx. 845, 847-48 (11th Cir. 2015)

*Pappas v. Kerzner Intern. Bahamas Ltd*....................................................8
    2014 WL 4627785 (11th Cir. 2014)

*Slater v. Energy Services Group Intern., Inc*...............................................3
    634 F.3d 1326 (11th Cir. 2011)

*SME Racks v. Sistemas Mecanicos Para Electronica, S.A*..............................10
    382 F.3d 1097 (11th Cir. 2004)

*Sun Trust Bank v. Sun Int'l Hotels, Ltd*.....................................................8
    184 F. Supp. 2d 1246 (S.D. Fla. Sept. 5, 2001)

*Touloumes v. Kerzner Int'l Ltd*...............................................................7
    Case No. 13-24053 (S.D. Fla. Sept. 26, 2014)

*Tuite v. Kerzner Int'l Ltd., et. al*......................................................8
    Case No. 11-24359 (S.D. Fla. Mar. 29, 2013)

*Van Hoy v. Sandals Resorts Int'l Ltd*...............................................10
    24 Fla. L. Weekly Fed. D 273 (S.D. Fla. 2013)

*Warrick v. Carnival Corp*..............................................................4
    2013 A.M.C. 1053 (S.D. Fla. 2013)

**Statutes**

28 U.S.C. § 1291...........................................................................1

**Rules**

Fed. R. App. P. 26.1.....................................................................C1

Fed. R. App. P. 32(a)(7)(B)...........................................................13

11th Cir. R. 26.1-1......................................................................C1

iv

## STATEMENT OF JURISDICTION

This is an appeal of a final order under 28 U.S.C. §1291. The order of dismissal in the District Court disposed of all of Appellants' claims.

## ISSUES ON APPEAL

I.   WHETHER THE DISTRICT COURT ERRED IN FINDING THAT VIKING TRAVEL SERVICE WAS AN AGENT OF FUNJET VACATIONS OR MARK TRAVEL CORP. AND IMPUTING CONSTRUCTIVE NOTICE OF THE FORUM SELECTION CLAUSE TO THE CLEVELANDS.

II.  WHETHER THE DISTRICT COURT ERRED IN FINDING THAT THE CLEVELANDS CAN REINSTATE THEIR CASE IN THE BAHAMAS WITHOUT UNDUE INCONVENIENCE OR PREJUDICE.

## STATEMENT OF THE CASE AND FACTS

This is an appeal from a final order dismissing the Plaintiffs' action pursuant to a forum selection clause contained in an Atlantis resort guest registration card.

Cory and Ann Cleveland ("the Clevelands") were guests of the Atlantis resort which is owned or operated by Appellees ("Kerzner Defendants"). During their stay, Cory Cleveland suffered severe spinal and neurological injuries as a result of being thrown off his inner tube on a water park feature at the resort. (R-1 at 8). The Clevelands booked their stay with the Atlantis through Viking Travel Service. (R-22 at 5, fn. 2).

Kerzner Defendants routinely require Atlantis resort guests to sign a guest registration card during the check-in process which contains, among other things, a

1

forum selection clause. The forum selection clause designates The Bahamas as the sole forum for any litigation arising between the resort and its guests. On occasion, Kerzner Defendants enter into agreements with third party travel vendors and agents. In this case, Kerzner Defendants entered into such an agreement with Mark Travel Corp ("the Agreement"). See Agreement (R-26-2 at 2). The Agreement is significant for two reasons: 1) the Agreement was between Kerzner International Resorts, Inc. and Mark Travel Corp., which included Mark Travel Corp.'s distribution channels, FunJet Vacations, Spirit Vacations, and United Vacations to the *exclusion* of any other channel "owned, operated or affiliated with" Mark Travel Corp; and 2) the Agreement contains a guest registration section which courts have held provides notice to the travel agent of the forum selection clause guests are required to sign. *Id.* It is uncontroverted that the Clevelands booked their vacation through Viking Travel Service, a company not listed as a distribution channel for Mark Travel Corp. *Id.*

The Clevelands' travel documents contain references to FunJet Vacations. (R-26-4 at 6-21). Viking Travel Services procured the Clevelands' Atlantis Resort stay through FunJet Vacations. The record is devoid of any facts to support a finding that Viking Travel Service and FunJet Vacations are engaged in an agent/principal relationship. There is no mention of a forum selection clause anywhere in the travel documentation provided by Viking Travel Service to the Clevelands.

2

## SUMMARY OF THE ARGUMENT

The District Court erred (1) in finding that Viking Travel Service was an agent for FunJet Vacations or Mark Travel Corp. and (2) imputing advanced notice of the forum selection clause to the Clevelands. Viking Travel Service was the travel agent for the Clevelands. However, nothing in the record supports a finding that Viking Travel Service was an agent of Mark Travel Corp. or FunJet Vacations. Nor is there any evidence that Viking Travel Service had any knowledge of the forum selection clause contained in the guest registration card.

The District Court also erred in finding that the Clevelands could reinstate their case in The Bahamas without undue prejudice or inconvenience. The Clevelands' unrebutted affidavit establishes that they do not have the financial means to litigate this case in The Bahamas.

## STANDARD OF REVIEW

This Court reviews the enforceability of a forum selection clause *de novo*. *Slater v. Energy Services Group Intern., Inc.*, 634 F.3d 1326, 1329-30 (11th Cir. 2011) (where venue is established by contract in a forum-selection clause, we review the enforceability of that venue selection, like any other contract provision, on a *de novo* basis.)

3

## **ARGUMENT**

### **I.  THE DISTRICT COURT ERRED IN FINDING THAT VIKING TRAVEL SERVICE WAS AN AGENT OF FUNJET VACATIONS OR MARK TRAVEL CORP. AND IMPUTING CONSTRUCTIVE NOTICE OF THE FORUM SELECTION CLAUSE TO THE CLEVELANDS.**

A forum selection clause will be invalidated where "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).

The first issue in this case is whether the clause was "reasonably communicated" to the Clevelands and provided them with an opportunity "to become meaningfully informed of the clause and to reject its terms." *Id.*

Courts have imputed a travel agent's knowledge of forum selection clauses on ticket purchasers.  "'[T]ravel agents are to be construed as agents of ticket purchaser, and passengers are accordingly charged with constructive knowledge of ticket terms and conditions while the tickets are in their agent's possession.'" *Warrick v. Carnival Corp.*, 2013 A.M.C. 1053 (S.D. Fla. 2013) *citing Lurie v. Norwegian Cruise Lines, Ltd.,* 305 F.Supp.2d 352, 360 n. 1 (S.D.N.Y.2004)  See also unpublished opinion, *McArthur v. Kerzner Int'l Ltd.,* 607 Fed. Appx. 845, 847-48 (11th Cir. 2015) ("…because the McArthurs' trip involved travel arrangements made by the travel agent, they are charged with constructive notice of the terms and conditions in the

4

contract the travel agent had with the Atlantis Resort."). These cases illustrate circumstances where constructive notice of a forum selection clause will be imputed to a plaintiff by virtue of the plaintiff's relationship with the travel agent. Notice is imputed to the purchaser because his or her travel agent ostensibly knows the forum selection clause exists through an agreement with the party seeking enforcement of the clause. In these cases, constructive notice forecloses an unwitting plaintiff who is maimed or killed at the Atlantis Resort from bringing an action in the United States.

The District Court's findings a) that Viking Travel Service "was an agent for FunJet Vacations" and b) that Viking Travel Service was on notice of the forum selection clause are unsupported by the record. See Order (R-31 at 6).

The *Warrick* court refused to impute notice or make a finding that the travel agent was on notice of a forum selection clause specifically because the record was devoid of what the travel agent actually knew. The court reasoned: "The problem with charging Plaintiffs with constructive knowledge based on what the travel agent knew is that the record is not clear on what the travel agent knew." *Warrick v. Carnival Corp.,* 2013 A.M.C. 1053 (S.D. Fla. 2013). Here, the District Court's finding that Viking Travel Service had actual notice of the forum selection clause was based on the unsubstantiated finding that Viking Travel Service was an agent of FunJet Vacations. (R-31 at 6).

5

There is no evidence in the record of what Viking Travel Service knew. Therefore, cases that turn on a travel agent's actual knowledge are inapplicable. The fact that FunJet Vacations appears in the travel documentation, without more, is insufficient to make a finding that Viking Travel Service, a separate and distinct entity, was an agent of FunJet and had actual notice of or knowledge of the clause at issue here.

The District Court's findings in this case are without precedent. Even conceding that FunJet Vacations may have had notice of the forum selection clause/guest registration procedures by virtue of being a "distribution channel" of Mark Travel Corp., the link between what FunJet Vacations actually knew and what Viking Travel Service actually knew is missing. Nothing in the record supports a finding that Viking Travel Service was an agent of FunJet Vacations, even if the vacation itself was procured through them by Viking Travel Service. Additionally, a finding that Viking Travel Service knew anything at all with respect to the forum selection clause is without factual support.

As a result, the forum selection clause at issue in this case is unenforceable because it was not reasonably communicated to the Clevelands prior to their arrival at the Atlantis.

"[W]ith respect to non-negotiated forum-selection clauses, courts consider 'whether the clause was reasonably communicated to the consumer' by employing

6

a 'two-part test of 'reasonable communicativeness [,]' ' which 'takes into account the clause's physical characteristics and whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms.' *Liles v. Ginn-La W. End, Ltd.*, 631 F.3d 1242, 1246 (11th Cir. 2011), citing *Krenkel v. Kerzner Int'l Hotels, Ltd.,* 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam).

The forum selection clause is unenforceable because the Clevelands were not meaningfully informed of the clause allowing them to reject it with impunity.

In *Liles,* this Court found that the forum selection clause was a freely negotiated term. *Liles,* 631 F.3d at 1246 (11th Cir. 2011) ("the instant contracts concerned sophisticated real estate transactions involving large sums of money…").

In *Krenkel,* this forum selection was at issue and although the Court affirmed dismissal, the plaintiffs in *Krenkel* had been guests of the Atlantis on previous occasions and thus had advance notice that they would be signing away important legal rights. *Krenkel,* 579 F.3d at 1282 (11th Cir. 2009). The Clevelands, unlike the plaintiff in *Krenkel*, were completely unaware that they would be signing a guest registration card which contained a forum selection clause upon their arrival at the Atlantis. (R-22-1 at 3) Therefore, they did not have a meaningful opportunity to consider the terms of the clause and reject it with impunity. See also, *Touloumes v. Kerzner Int'l Ltd.,* Case No. 13-24053 [D.E. 57] (S.D. Fla. Sept. 26, 2014) (denying motion to dismiss for lack of reasonable notice); *Massa v. Kerzner Int'l Ltd.,* Case

7

No. 11-60232 [D.E. 29] (S.D. Fla. Dec. 20, 2011); *Tuite v. Kerzner Int'l Ltd.*, Case No. 11-24359 [D.E. 53] (S.D. Fla. Mar. 29, 2013); *Sun Trust Bank v. Sun Int'l Hotels Ltd.*, 184 F. Supp. 2d 1246 (S.D. Fla. Sept. 5, 2001).

This Court affirmed dismissal in *Pappas v. Kerzner Int'l Ltd.*, a case in which the plaintiffs were found to have received advance notice of the forum selection clause. Case 14-11098, 2014 WL 4627785, at *4 (11th Cir. 2014) (finding that the plaintiffs received notice of the forum selection clause twice prior to arrival.). *Pappas* is inapplicable. Unlike *Pappas* where Kerzner Defendants could point to the online registration process or email confirmations, no such notice was advanced to the Clevelands.

Similar to the *McArthur* case, in *Barilotti v. Island Hotel Co. Ltd.*, 2014 WL 1803374 (S.D. Fla. May 6, 2014) the plaintiffs booked a trip through a travel agent who had a direct agreement with Kerzner Defendants. *Id.* at *3. *Barilotti* is similarly inapplicable. However, unlike the District Court here, the *Barilotti* court made the proper factual finding before ruling. Importantly, the court in *Barilotti* inquired into what actual knowledge the travel agent had but plaintiffs in that case stipulated, unlike this case, that their travel agent knew of the forum selection clause. *Id.* at *4.

While notice or knowledge may be imputed had the Clevelands' booked their vacation through FunJet Vacations or Mark Travel Corp., there is nothing to suggest

8

that Viking Travel Service was on notice of the Agreement or the guest registration process. The record simply does not support a finding that Viking Travel Service had notice of the forum selection clause or the guest registration procedure as contemplated in the Agreement.

## II.   THE DISTRICT COURT ERRED IN FINDING THAT THE CLEVELANDS COULD REINSTATE SUIT WITHOUT UNDUE PREJUDICE OR INCONVENIENCE.

Cory Cleveland provided an affidavit which clearly shows that reinstating suit in The Bahamas would be not just prejudicial or inconvenient but impossible. See (R-22-1 at 6). Despite the sworn affidavit of Cory Cleveland being the only facts before the District Court on the question of whether it would be inconvenient or prejudicial to file suit in The Bahamas, the District Court found to the contrary. (R-31 at 13).

This Court in its unpublished opinion in the *McArthur* case found that because the plaintiffs did not contest the inconvenience or undue prejudice of litigating in The Bahamas, the forum selection clause was enforceable. However, Mr. Cleveland provided a sworn affidavit that showed his finances preclude him from hiring an attorney whose fees and costs must be paid up front, as is the case in The Bahamas. (R-22-1).

This is materially different than other cases cited above where plaintiffs had means to litigate abroad. The District Court dismissed Mr. Cleveland's financial

9

situation, referring to his sworn affidavit as "'generic averments'" of financial hardship. (R-31 at 9). This is not a generic statement. It is a sworn document explaining his income and expenses that is unrebutted by any other evidence. Mr. Cleveland's affidavit shows that he has insufficient disposable income to litigate this case in The Bahamas. Meanwhile, the District Court accepted Kerzner Defendants' expert affidavit which contains generic averments of the availability of "affordable counsel" in The Bahamas. (R-31 at 9). That "affordable counsel" is available in The Bahamas is of little significance because the Clevelands simply do not have the disposable income necessary to retain Bahamian counsel. Finally, it is of no moment that the District Court left open the possibility of reconsideration of its order should the Clevelands not be able to maintain suit in The Bahamas as the Clevelands cannot bring suit there.

Finally, this Court and District Courts recognize that the United States has a strong "federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction." *Collins v. Marriott Int'l Inc., et. al.,* Case No. 09-22423 (JORDAN) (S.D. Fla. May 11, 2010), at *5. Citing *SME Racks v. Sistemas Mecanicos Para Electronica, S.A.,* 382 F.3d 1097, 1104. *See also, Van Hoy v. Sandals Resorts Int'l Ltd.,* 24 Fla. L. Weekly Fed. D 273 (S.D. Fla. 2013) (Finding that [Defendants concerns regarding application of foreign law] are

10

minimal compared to the interest of the United States in providing a forum for the Plaintiffs).

The Clevelands' inability to litigate this case in The Bahamas is not speculative. Dismissal of this action will effectively act as an adjudication on the merits. The order below has the effect of relegating United States citizens to a foreign forum where it is certain that, due to financial circumstances beyond their control, they will bear the loss of Cory Cleveland's spinal and neurological injuries. The District Court's order will allow Kerzner Defendants to continue to market and sell vacations to hundreds of thousands of unsuspecting Americans, secure in the fact that a legal fiction used to bind sophisticated parties to negotiated instruments will protect them from ever having to accept responsibility in the United States for their negligence.

## CONCLUSION

Cory Cleveland and Ann Cleveland respectfully request that the Court reverse the District Court's order of dismissal and remand the case for further proceedings on these grounds.

Date: January 21, 2016

Respectfully submitted,

Gary D. Fox, Esq.
Michael Levine, Esq.
**Stewart Tilghman Fox**
**Bianchi & Cain, P.A.**
One Southeast Third Avenue, Suite 3000
Miami, Florida 33131

By: Gabriel A. Garay
Florida Bar No. 103303
Robert L. Parks, Esq.
Florida Bar No. 61436
**The Law Offices of**
**Robert L. Parks, P.L.**
Tel:   (305) 445-4430
Fax:   (305) 445-4431
gabe@rlplegal.com
bob@rlplegal.com

12

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in

Fed. R. App. P. 32(a)(7)(B).  This brief contains 3,466 words.

/s/ Gabriel A. Garay
Gabriel A. Garay, Esq.
Florida Bar No. 103303

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2016, I electronically filed the

foregoing Initial Brief of Appellants with the Clerk of the Court via CM/ECF.  I also

certify that a true and correct copy of the foregoing was served via CM/ECF and

U.S. mail upon all counsel on the attached Service List.

/s/ Gabriel A. Garay
Gabriel A. Garay, Esq.
Florida Bar No. 103303

## SERVICE LIST

Cleveland v. Kerzner Int'l Resorts, Inc., et. al.
Appeal No. 15-14810 BB
L.T. Case No. 14-23897 (GAYLES)

Tamara S. Malvin, Esq.
Kristen M. Fiore, Esq.
AKERMAN, LLP
Las Olas Centre II, Suite 1600
350 E Las Olas Blvd
Fort Lauderdale, Florida 33301
tamara.malvin@akerman.com
kristen.fiore@akerman.com

*Counsel for Defendants/Appellees*


Gary D. Fox, Esq.
Florida Bar No. 224243
gfox@stfblaw.com
Michael Levine, Esq.
Florida Bar No. 107363
mlevine@stfblaw.com
STEWART TILGHMAN
FOX BIANCHI & CAIN, P.A.
One Southeast Third Avenue, Suite 3000
Tel:    (305) 358-6644
Fax:    (305) 358-4707
mdiblasi@stfblaw.com

*Co-Counsel for Plaintiffs/Appellants, Cory Cleveland and Ann Cleveland*

14